# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **MARK WILLIAMS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Case No. 3:16-CV-391-M-BK** |
| | § | |
| **HEALTH TEXAS PROVIDER** | § | |
| **NETWORK,** | § | |
| **Defendant.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to *Special Order 3*, this cause has been assigned to the undersigned for pretrial management and is now before the Court for a recommendation on Defendant's *Motion to Dismiss Plaintiff's Amended Complaint.* Doc. 28. For the reasons that follow, Defendant's motion should be **GRANTED**.

## A. Procedural History

In February 2016, Plaintiff filed this *pro se* action, asserting a host of discrimination-based claims against Defendant, his former employer. Doc. 3. In his amended complaint, he alleges that Defendant terminated him on March 13, 2015. Doc. 24 at 2. Plaintiff completed an intake questionnaire to initiate a claim with the Equal Employment Opportunity Commission ("EEOC") on August 30, 2015. Doc. 11 at 8-11. On November 13, 2015, the EEOC issued Plaintiff a "right to sue" letter, and he then filed this case, claiming (1) discrimination; (2) violation of section 21.055 of the Texas Labor Code; (3) retaliation; and (4) hostile work environment harassment.[1] Doc. 24 at 1, 4-8. Defendant now moves to dismiss the amended

---

[1] Plaintiff also cites U.S. Const. amend. XIV, 42 U.S.C. § 1981, the Sarbanes-Oxley Act, and the Uniformed Service Employment and Reemployment Act of 1994, and he notes in passing that his age renders him a member of a protected class. Doc. 24 at 1-3. In his response to

complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[2] Doc. 28 at 9 & n.1.

## B. Applicable Law

A plaintiff fails to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). A court ruling on a Rule 12(b)(6) motion may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

---

Defendant's motion to dismiss, Plaintiff agrees that he has failed to allege sufficient facts to state a claim as to any of those causes of action. Doc. 30 at 11. Additionally, while Plaintiff mentions in passing sections 21.051, 21.056 and 21.058 of the Texas Labor Code, Doc. 24 at 1, he does not tie any of his claims to these statutes. Next, while he notes that he is in a protected class due to his age, he states in his response to Defendant's summary judgment motion that he did not intend to raise a claim under the Age Discrimination in Employment Act. Doc. 30 at 3. Finally, Plaintiff's fifth claim is for "failure to accommodate." Doc. 24 at 7. Generally, this term of art is relevant to disability discrimination claims, but Plaintiff's reference is to Defendant's alleged failure to accommodate him by giving him the necessary supplies to perform his job duties, which he cites as one of Defendant's adverse actions in his hostile work environment claim. Doc. 24 at 5-6. Accordingly, none of the aforementioned claims will be discussed further.

[2] While there is some ambiguity in the Fifth Circuit about whether exhaustion of remedies in the Title VII context should be addressed under Rule 12(b)(1) or 12(b)(6), the majority view in this Court is that the proper rubric for evaluation is Rule 12(b)(6). *See Howe v. Yellowbrook, USA*, 840 F.Supp.2d 970, 975 n.3 (N.D. Tex. 2011) (Lynn, J.) (holding that "exhaustion of administrative remedies is a statutory condition precedent to maintaining a Title VII action in district court, not a jurisdictional prerequisite.") (citation omitted) (collecting cases).

Title VII makes it unlawful for employers to discriminate against individuals with respect to their "compensation, terms, conditions, or privileges of employment, because of [their] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Claimants must exhaust their administrative remedies prior to filing suit by filing a charge of discrimination with the EEOC within 300 days of the alleged discriminatory acts, after which the claimant receives a "right to sue" notice. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). Ordinarily, an employee may not base a Title VII claim on an employer's adverse action that was not previously asserted in a formal charge of discrimination or could not reasonably have been expected to grow out of the charge of discrimination. *Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012); *see* *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006) (affirming the dismissal of the plaintiff's Title VII claim due to plaintiff's failure to exhaust administrative remedies). The purpose of the exhaustion requirement is to facilitate the EEOC's investigation and conciliatory functions and to recognize its role as the primary enforcer of anti-discrimination laws. *Filer*, 690 F.3d at 647. While the procedural exhaustion requirements are not jurisdictional in nature, a claimant must exhaust administrative remedies before filing a Title VII suit in federal court. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982).

## C. Arguments and Analysis

### 1. Filing of Charge of Discrimination

Defendant first argues that Plaintiff failed to exhaust his administrative remedies as to all claims because he has not established that he filed a charge of discrimination ("Charge") with the EEOC within 300 days of the date of his March 2015 termination. Doc. 28 at 6-9. In particular,

Defendant notes that Plaintiff has not submitted to the Court a copy of any Charge he filed, except one that he signed on February 2, 2016, shortly before filing this lawsuit.[3] Doc. 28 at 6-7.

Plaintiff submits that he did, in fact, exhaust his administrative remedies prior to filing this suit. Doc. 30 at 1-2. In support of his argument that he timely filed his Charge, Plaintiff references (1) his four-page EEOC intake questionnaire dated August 30, 2015, Doc. 30-1 at 1-4; (2) a fax transmission sheet indicating that on September 3, 2015, a four-page fax was sent to 214-253-2720, which appears to be the EEOC's fax number, Doc. 24 at 10-11; and (3) the EEOC's right to sue letter dated November 13, 2015, Doc. 30-2 at 1.

While it is not clear from the record when or whether Plaintiff filed a formal Charge with the EEOC, the agency did issue a notice of right to sue after Plaintiff filled out his intake questionnaire. It thus appears that regardless of what documents Plaintiff submitted, the EEOC treated them as a Charge, which legally and logically precedes its issuance of a right to sue letter. *See* 29 C.F.R. § 1601.28 (providing that the EEOC issues a right to sue notice following "Commission disposition of charge"). Moreover, it is clear from the EEOC intake questionnaire that Plaintiff was requesting the EEOC "to take whatever action is necessary to vindicate [his] rights," which language may be construed as a "charge." *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 398-99 (2008); *see* Doc. 30-1 at 4 (checked box that states "I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above.").

---

[2] The presence of the February 2016 Charge in the record is inexplicable, as Plaintiff received his right to sue letter in November 2015. *Cf.* Doc. 11 at 5 *with* Doc. 30-2 at 1. In any event, the February 2016 Charge is untimely because it is dated more than 300 days after Plaintiff was terminated on March 13, 2015. *See* 42 U.S.C. § 2000e-5(e) (providing that an employee is required to file a charge of discrimination with the EEOC within 300 days "after the alleged unlawful employment practices occurred.").

At this juncture, the Court should thus construe Plaintiff's EEOC questionnaire as a Charge. *See also Price v. Sw. Bell Tel. Co.*, 687 F.2d 74, 78-79 (5th Cir. 1982) (holding that factual issues precluded summary judgment regarding whether a form completed by plaintiff constituted a "charge" where it was neither signed nor sworn, but did inform the EEOC of the parties' identities and describe the alleged discriminatory conduct in enough detail to enable the EEOC to issue an official notice of charge to the employer); *Stone v. Academy, Ltd.*, 156 F.Supp.3d 840, 843-45 (S.D. Tex. 2016) (holding that an EEOC intake questionnaire constituted a charge of discrimination where it identified the relevant parties and described the allegedly discriminatory acts). Accordingly, Defendant's motion to dismiss Plaintiff's case in its entirety for failure to exhaust administrative remedies should be denied.

### 2. Failure to Exhaust Certain Claims

Nevertheless, there are some discrete claims that Plaintiff did not properly exhaust because he did not raise them before the EEOC. First, Plaintiff failed to raise in his EEOC questionnaire a claim based on race discrimination. *See* Doc. 30-1 at 2-3 (indicating that Plaintiff checked as the basis for his claim of employment discrimination the boxes only for sex, age and retaliation, and subsequently listed "PTSD" and "ADHD" as the disabilities he believed were the basis for the adverse action taken against him). Thus, Plaintiff's claims of racial discrimination have not been exhausted. *See* Doc. 30 at 4-8, 10; *Randel v. United States Dep't of Navy*, 157 F.3d 392, 395 (5th Cir. 1998) (holding that the plaintiff had failed to exhaust his administrative remedies with respect to a race discrimination claim when he pled in the charge of discrimination only claims for reprisal and disability discrimination).

Plaintiff also did not exhaust his claim that he was retaliated against in violation of Title VII because he did not specify in his EEOC questionnaire the facts underlying the allegation or

the allegedly discriminatory employment practice he opposed. Instead, Plaintiff merely checked the box marked "retaliation" with no further explanation, which is insufficient to find that claim exhausted. *See* Doc. 24 at 5; Doc. 30 at 4, 8; Doc. 30-1 at 1-4; *see, e.g.*, *Jerome v. Marriott Residence Inn Barcelo Crestline/AIG*, 211 Fed. Appx. 844, 846-847 (11th Cir. Dec. 4, 2006) (holding that plaintiff failed to preserve wage claim when he circled "wages" on his EEOC intake questionnaire, but did not include any facts in the explanation section and did not pursue it in his EEOC charge); *Self v. Bnsf Ry. Co.*, No. 14-CA-618-SS, 2016 WL 543245, at *7 (W.D. Tex. Feb. 9, 2016) (holding that plaintiff's retaliation claim was not unexhausted because, even though he checked the "retaliation" box on his EEOC charge form, he failed to allege any specific facts in support); *Givs v. City of Eunice*, 512 F.Supp.2d 522, 536-37 (W.D. La. 2007) ("Even though plaintiff checked both the race and retaliation boxes on the EEOC complaint, the Court does not accept that merely checking the retaliation box is sufficient to exhaust his administrative remedies. Plaintiff's failure to allege *any facts* concerning retaliation or harassment that would have put the EEOC on notice about the possibility of such, are fatal to these claims.") (emphasis in original).

Finally, the hostile work environment claim in Plaintiff's complaint is based on his race and gender. Doc. 24 at 6-7. However, the sole reference to a hostile work environment in the EEOC questionnaire indicates that the basis for that claim was Plaintiff's disability. Doc. 30-1 at 3. As such, Plaintiff also failed to exhaust his hostile work environment claim. In short, Plaintiff's claims for (1) race discrimination; (2) retaliation; and (3) hostile work environment based on Plaintiff's race and gender should be **DISMISSED** for lack of exhaustion. Accordingly, the only remaining claims to consider are Plaintiff's claim of gender discrimination and his claim under section 21.055 of the Texas Labor Act (the "section 21.055 claim").

*3. Gender Discrimination*

Plaintiff alleged in his complaint that he was subject to discrimination based on his gender when he was not allowed to be absent for two-hour lunches and shirk his duties while women were permitted to do so. Doc. 24 at 7. Defendant argues that Plaintiff's claim of gender discrimination should be dismissed because he has not demonstrated via specific facts that he was replaced by someone of the opposite gender or that other similarly situated employees were treated more favorably. Doc. 28 at 15-17.

Plaintiff claims that he adequately alleged a claim of gender discrimination based on (1) "favorable treatment extended to similarly-situated co-workers of a different" sex; and (2) the different work performance expectations placed on him than on those applied to co-workers of the opposite gender. Doc. 30 at 7-10.

Typically, to establish a prima facie case of discrimination under Title VII, a plaintiff must demonstrate that (1) he is a member of a protected class; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) he was treated less favorably because of his membership in a protected class than were other similarly situated employees who were not members of the protected class. *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009). The "similarly situated" prong requires a Title VII claimant to identify at least one coworker outside of his protected class who was treated more favorably "under nearly identical circumstances." *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 426 (5th Cir. 2017). The comparator must (1) hold the same job or job responsibilities as the plaintiff; (2) share the same supervisor or have his employment status determined by the same person as the plaintiff; and (3) must have a history of violations or infringements similar to that of the plaintiff. *Id.* (quotation marks and footnote omitted).

In the present case, while Plaintiff laments his poor treatment by his colleagues and their "continual rude, mean, differentiating, unprofessional, inappropriate behavior," he does not tie any such instances to harassment that occurred based on his gender. *See* Doc. 24 at 5-6. As Defendant notes, Plaintiff did not allege that he was subject to sexist comments, jokes, name-calling, and the like. Doc. 28 at 17-18. As the Supreme Court has aptly noted, Title VII is not a general civility code. *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998).

Additionally, while Plaintiff claims that he was not allowed to participate in light duty assignments and two-hour lunches, and was not told of changes in lab protocol, none of those incidents is an adverse employment action within the meaning of Title VII. Doc. 24 at 5-8; *see Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 657 (5th Cir. 2002) ("Adverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating."). Actions such as assigning an employee more difficult work, giving employees unequal break times, and giving allegedly biased annual evaluations are not "adverse actions" within the meaning of Title VII. *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 486 (5th Cir. 2008) (break requests); *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 407 (5th Cir. 1999) (unfair employee evaluations); *Benningfield v. City of Houston*, 157 F.3d 369, 376-77 (5th Cir. 1998) (heavier work load).

Finally, Plaintiff has not pointed to any similarly situated employees of the opposite gender who were treated differently than he was treated under the circumstances that led to his termination, namely his failure to clean and sterilize a tourniquet before putting it on a patient. Doc. 30-1 at 2; *Alkhawaldeh*, 851 F.3d at 426. He merely alleges in his complaint that he was treated differently from *everyone* else. Doc. 24 at 4-5 (stating that "NO ONE, in the history [of] HTPN has been given a written or oral reprimanded [sic], counseled, or received any disciplinary

action for the alleged violating [sic] this procedure Plaintiff was fired over.")  Because Plaintiff does not point to any comparators who held the same job, had their employment status determined by the same person, and had a history of similar violations as Plaintiff, he has failed to state a claim for gender discrimination.  *Alkhawaldeh*, 851 F.3d at 426.

    *4.  Texas Labor Code violation*

    Plaintiff contends in his complaint that Defendant violated section 21.055 of the Texas Labor Code, which prohibits retaliation against those who oppose a discriminatory practice. Doc. 24 at 1; Tex. Lab. Code § 21.055.  Defendant moves to dismiss those claims, arguing that because the governing section of the Texas Labor Code – the Texas Commission on Human Rights Act – is construed identically to Title VII, the Court's Title VII analysis applies equally to Plaintiff's Texas Labor Code claims.  *Shackelford*, 190 F.3d at 403 n.2; *see also Huff v. DRE Mgmt, Inc.*, No. 12-CV-414-B, 2012 WL 3072389, at *2 (N.D. Tex. July 30, 2012) (Boyle, J.) (noting that same exhaustion requirements apply to both Title VII clams and claims brought under section 21.055).  Upon consideration of the law as discussed in *Shackelford* and other cases, as well as the parties' arguments, the Court agrees with Defendant.  Accordingly, Plaintiff's section 21.055 claim should be dismissed because he did not exhaust his retaliation claim as outlined above.  Doc. 28 at 18-19; supra at 5-6.

**D.  Leave to Amend**

    A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after repeated opportunities to do so."  *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000).  While the Court is aware that Plaintiff is proceeding without the assistance of counsel, he has already amended his complaint in lieu of responding to

Defendant's first motion to dismiss. *See* Doc. 23 & Doc. 24. And, despite again being put on notice of the deficiencies of his amended complaint by the motion to dismiss now under consideration, Plaintiff's lengthy response posits no additional facts that would support a legally viable claim of gender discrimination. Under these circumstances, the Court can only conclude that Plaintiff has already pled his best case and granting leave to amend would be futile. *See Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir.1986) ("At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit.").

**E. Conclusion**

For the reasons set forth above, Defendant's *Motion to Dismiss Plaintiff's Amended Complaint*, Doc. 28, should be **GRANTED**, and Plaintiff's claims for race discrimination, retaliation, hostile work environment and violation of section 21.055 of the Texas Labor Code should be **DISMISSED WITHOUT PREJUDICE** due to Plaintiff's failure to exhaust administrative remedies. Plaintiff's gender discrimination claim should be **DISMISSED WITH PREJUDICE** and this case should be closed.

**SO RECOMMENDED** on June 1, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE